# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RICHARD L. BABER, JR., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:20-cv-00700 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ANDREW MCNORTON, *et al.*, ) | By: Thomas C. Cullen |
| ) | United States District Judge |
| Defendants. ) | |

Plaintiff Richard L. Baber, Jr., a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. The court informed him that his original complaint failed to state a claim, and that he could not challenge his conviction or sentence in an action under § 1983. The court also told him that he had to request such relief in a petition for writ of habeas corpus brought under 28 U.S.C. § 2254. Instead of filing a § 2254 petition, he filed an amended complaint, and the assigned magistrate judge directed that the case be served. All of the defendants who have been served have filed motions to dismiss, asserting numerous grounds on which Baber's complaint should be dismissed.[1] Defendant Andrew McNorton, who plaintiff identifies as both a "civilian" and an Information Technology Officer at Middle River Regional Jail, filed one motion to dismiss. (ECF No. 26.) In a separate motion, defendant Ann Reed (whose first name is spelled Anne, and who plaintiff incorrectly identifies as the Commonwealth's Attorney who prosecuted him, but who was previously a Commonwealth's

---

[1] The defendants who remain unidentified (and unserved) at this time are described as: (1) an unnamed associate with Detective David Browning in interview; (2) "unknown associates" recording the interview; and (3) "anyone involved with this" at the Augusta County Sheriff's Office. (*See generally* Am. Compl. [ECF No. 12].)

Attorney for the City of Staunton and is now a Virginia Circuit Court Judge in the Staunton Circuit Court), and defendants Detective David Browning, Sgt. Steve Cason, and Sheriff Donald Smith (all from the Augusta County Sheriff's Office) also seek dismissal. (ECF No. 23.)

Baber has responded and asks to voluntarily dismiss claims against defendant Ann Reed. He explains that his naming her was a case of "mistaken identity," and he now realizes that she was not the person he meant to sue. (ECF No. 29-7 pg. 1.) That request will be granted, and defendant Reed will be dismissed with prejudice.

As discussed herein, the court concludes that Baber's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and must be dismissed. The court will therefore grant both motions to dismiss on that basis, and will dismiss without prejudice all claims—against both the moving defendants and, under 28 U.S.C. § 1915(e)(2),[2] the unserved defendants—for failure to state a claim on which relief can be granted.[3]

## I. BACKGROUND

In 2020, Baber pleaded guilty to and was convicted of three felonies in Augusta County Circuit Court: two counts of "solicitation of a minor" and one of "receiving child pornography." (Am. Compl. pgs. 14, 15, 18 [ECF No. 12].) Baber asks this court to "vacate

---

[2] This provision directs courts, in cases where a plaintiff is proceeding *in forma pauperis*, to dismiss a case at any time if it determines that "the action fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).

[3] Circuit courts are split on whether a case dismissed pursuant to *Heck* is a dismissal "for failure to state a claim." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 n.2 (2020). The Fourth Circuit has noted that a dismissal based on *Heck* should be without prejudice, *Omar v. Chasanow*, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam), but has not otherwise spoken on the issue. In the absence of any additional guidance from the Fourth Circuit, the court concludes that it is appropriate to dismiss Baber's complaint without prejudice because he has failed to state a claim.

any and all charges, clear [his] record, place charges where [he] can and sue for restitution of the wrong done against [him]." (Am. Compl. pg. 2.) In subsequent filings, he has also indicated that his intent in filing this lawsuit is to have his criminal charges vacated and to be released from custody. (*See, e.g.*, ECF No. 19 pg. 1; ECF No. 21 pg. 10; ECF No. 22 pp. 1, 3, 4; ECF No. 29-1 pg. 1.) Most recently, he has filed a "motion for immediate release." (ECF No. 42.)

Defendants describe Baber's amended complaint as "confusing at best, and mostly inscrutable." (Defs.' Mem. Supp. Mot. Dismiss pg. 10 [ECF No. 24].) The court agrees with the defendants that the amended complaint is unclear as to what types of legal claims Baber is asserting against whom. And, as Defendants correctly note, "[d]istrict judges are not mind readers" and do not "explore exhaustively all potential claims of a *pro se* plaintiff." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). As best the court can tell, Baber is challenging aspects of his criminal cases that he believes violated various of his constitutional rights. For example, he claims that "all evidence seized under a search warrant should have been suppressed and vacated" (Am. Compl. pg. 3.); that his *Miranda* rights were violated and he was threatened, assaulted, and otherwise pressured into pleading guilty (*id.* at 7, 11, 26); that the prosecutor made false statements during the guilty plea hearing (*id.* at 9); and that he was convicted of things he "did not do" and "could not ever do" (*id.* at 30, 35). With regard to defendant McNorton, Baber alleges that McNorton "impersonated an officer" and violated his Fourth Amendment rights when he seized Baber's smart phone from his home while executing a search warrant and later searched the smart

phone at a different location without obtaining a new warrant.[4] (*Id.* at 7, 8.)

Baber makes these allegations of constitutional violations to support the overall premise that he was wrongly convicted and should be released from custody.[5] This is his "essential grievance" that the court must address. *Cf. Beaudett*, 775 F.2d at 1278 (explaining that a *pro se* plaintiff's "invocation of general legal principles need not detour the district court from resolving that which the litigant himself has shown to be his real concern"); *see also Farabee v. Feix*, 119 F. App'x 455, at *2–3 (4th Cir. 2005) (affirming the dismissal of an action pursuant to *Heck v. Humphrey* where the "essential grievance" of plaintiff's complaint seeking money damages was that his guilty plea was involuntary and should be invalidated).

## II. ANALYSIS

Although defendants discuss numerous grounds for dismissal in their motions, the entirety of Baber's complaint must be dismissed because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id.* at

---

[4] McNorton claims that he has been incorrectly identified and was not involved with the events described in the amended complaint. (McNorton Mem. Supp. Mot. Dismiss pg. 2 n.1 [ECF No. 27].) For purposes of the motion to dismiss, though, he properly treats Baber's allegations concerning his involvement as true. *Id.*

[5] Baber also attaches numerous criminal complaints to his amended complaint and alleges a desire to bring criminal charges against defendants and others involved in his criminal prosecution. Relatedly, he claims that he has been prevented from filing criminal charges. A civil lawsuit in federal court is not a proper forum for bringing criminal charges against anyone, and to the extent Baber is claiming that he has been unable to bring such criminal charges, this does not state a claim under § 1983. A private citizen has no constitutional right to insist upon an investigation or criminal prosecution. *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution.") (citation omitted). In fact, a citizen does not have any judicially cognizable interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see also Diamond v. Charles*, 476 U.S. 54, 64–65 (1986) (applying *Linda R.S.* and collecting cases).

486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction or sentence. *Id.* at 482. *Heck* instructs that if granting relief on a civil claim would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

*Heck* applies to bar a plaintiff's § 1983 claim if two requirements must be met: (1) a judgment in favor of the plaintiff would necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim is brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

Both requirements are met here. First, if the court were to rule in Baber's favor on his claims, it would necessarily imply the invalidity of his convictions. If the illegal search claim were upheld, then all of the evidence found on the phone and in his home, which was important evidence underlying his convictions, would have to be suppressed. *See Ballenger v. Owens*, 352 F.3d 842, 846 (4th Cir. 2003) (holding that because success on plaintiff's illegal search claim under § 1983 would imply the invalidity of his underlying conviction, his claim was barred by *Heck*).

While there are circumstances when an illegal search claim might not be barred, they don't apply here. In particular, the Fourth Circuit has explained that a § 1983 claim alleging an

illegal or unreasonable search does not necessarily imply the invalidity of a conviction or sentence if "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence; and (2) the plaintiff does not plead facts inconsistent with guilt." *Covey*, 777 F.3d at 197. Although Baber entered a guilty plea, his amended complaint repeatedly asserts that he did not commit the offenses for which he was convicted. Thus, Baber is dissimilar to the plaintiff in *Covey*, who "never contested his guilt" and never sought "to suppress the evidence underlying his conviction." *Id.* In this case, unlike in *Covey*, the illegal-search claim is barred by *Heck*.

*Heck* also bars Baber's claims that his guilty plea or confession were coerced, that his *Miranda* rights were violated, and that the prosecutor engaged in misconduct in obtaining his guilty plea. *See Redd v. Dever*, No. 5:19-CT-3395-FL, 2020 WL 5229031, at *2 (E.D.N.C. Aug. 17, 2020), *aff'd,* 830 F. App'x 110 (4th Cir. 2020) (holding that allegations that plaintiff was coerced into pleading guilty and that the prosecutor participated in misconduct were barred by *Heck*); *Mosley v. Charlotte Mecklenburg Police Dep't*, No. 3:13-CV-70-RJC, 2013 WL 653275, at *3 (W.D.N.C. Feb. 21, 2013) (concluding that *Heck* barred plaintiff's claims that defendants violated his *Miranda* rights and that his confession was coerced), *aff'd,* 521 F. App'x 270 (4th Cir. 2013); *Noonsab v. United States Dist. Ct. for E. Dist. of N. Carolina*, No. 5:16-CT-3112-FL, 2016 WL 9080935, at *1 (E.D.N.C. Aug. 30, 2016) (stating that civil claim based on violation of *Miranda* was barred by *Heck*), *aff'd sub nom. Noonsab v. United States Dist. Ct. for the E. Dist. of N. Carolina*, 678 F. App'x 130 (4th Cir. 2017). *See also Jones v. Mermon*, 507 F. App'x 100, 103 (3d Cir. 2012) (holding *Heck* barred plaintiff's claim that defense counsel and prosecutors conspired to coerce plaintiff into pleading guilty).

The second *Heck* requirement is also met here. Augusta County Circuit Court records indicate that Baber was convicted after a guilty plea in Case Nos CR 19000568-00, -01, and -02 of three separate felonies.[6] He was sentenced in all three cases on February 20, 2020. In each of the first two cases (CR 19000568-00 and CR 19000568-01), Baber was sentenced to 5 years, with 4 years, 8 months, and 15 days suspended. In CR 19000568-02, he was sentenced to 5 years, with 2 years suspended. All three sentences were ordered to run consecutively, for a total active sentence of three years and seven months. Thus, it appears that he is currently in custody as a result of these 2020 convictions.

Moreover, according to publicly available records, he has not filed any appeals or habeas petitions in either the Court of Appeals of Virginia or the Supreme Court of Virginia. Nor does he allege that his convictions have been reversed, expunged, or otherwise called into question. Indeed, he implicitly alleges the opposite, since that is the relief he is seeking through this lawsuit. Thus, the court concludes that Baber's claims are barred by *Heck*.

Notably, Baber's opposition to the two motions to dismiss does not refute this conclusion, but in fact supports it. He begins his opposition (after two cover notes/letters) with the following:

> I Richard L. Baber Jr. am asking that relief be granted in this case I've brought before the court[] vacating the 3 felony charges against me without prejudice and all information about my convictions be removed completely from my record and to have a clean record as I did before these charges and convictions was put upon me for which I did not, could not, would not ever do.

---

[6] These facts are appropriately considered by the court, even though that are not alleged in Baber's complaint. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

(ECF No. 29-1, at 1.)[7] Under *Heck*, this relief is not properly sought in a civil rights action under § 1983.[8]

For these reasons, the court will dismiss Baber's amended complaint for failure to state a claim for which relief can be granted. This dismissal applies to claims against the unserved or unidentified defendants, as well, because such claims suffer from the same defects. *See* 28 U.S.C. § 1915(e)(2).

### III. CONCLUSION

For these reasons, Baber's claims against defendant Reed will be dismissed with prejudice. The defendants' motions to dismiss will be granted, and the remainder of Baber's complaint will be dismissed without prejudice for failure to state a claim. To the extent his complaint could be construed as asserting any state-law claims, those claims will likewise be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

---

[7] Baber's opposition also restates many of the same facts he alleged in his amended complaint. And he refers—as he did in his amended complaint—to various Virginia laws that he believes defendants have broken, asserts that he wishes to bring assault and battery and sexual assault claims based on what occurred during his interrogation, and generally emphasizes much of the same evidence that he believes proves his innocence.

[8] The court declines to construe Baber's complaint as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in part because it does not appear that he ever exhausted the remedies available in Virginia state courts. *See* 28 U.S.C. § 2254(b); *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). The exhaustion requirement is satisfied by seeking review of a claim in the highest state court with jurisdiction to consider the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Additionally, the time for filing a habeas claim in state court has not yet passed, although it is quickly approaching. A state habeas petition must be filed in the Supreme Court or any circuit court "within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. § 8.01-654(A)(2).

The clerk is directed to forward a copy of this Memorandum Opinion to the parties.

**ENTERED** this 20th day of January, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE